ISAAC G. GALE, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

It is the duty of a railroad corporation, both under the statute (chapter 140, Laws of 1850) and upon common law principles, to keep its road at a crossing in safe condition, so that a traveler upon the highway exercising ordinary care can pass over the same in safety.

This court has no jurisdiction to reverse a judgment in an action for negligence because of excessiveness of damages.

An order denying a motion to set aside a verdict and for a new trial, because of the alleged misconduct of a jury, is not reviewable here. The provisions of the New Code as to the jurisdiction of this court in such a case are not materially different from the Old.

While it is competent for a party to show that a witness who has testified against him is hostile to him, the evidence to establish it should be direct and pointed; the court is not bound to receive evidence of a remote and uncertain bearing.

Defendant offered to show that one of plaintiff's witnesses had, prior to the accident as to which he testified, applied for a position upon its road, and had been refused. *Held,* that the rejection thereof was not error.

(Argued January 19, 1879; decided January 28, 1879.)

THIS action was brought to recover for injuries sustained by plaintiff, by being thrown from his wagon by the break-

ing of a wheel as it struck a rail of defendant's track at a highway crossing. (Reported below, 13 Hun, 1.)

Plaintiff alleged and gave evidence tending to show that the planks at the crossing had become decayed and worn down so that the rail projected and thus caused the accident. The court laid down the rule as to defendant's duty as above, citing *Cott* v. *L. R. R. Co.* (36 N. Y., 214); *People* v. *N. Y. C. and H. R. R. Co.* (74 id., 302); and held that the question as to whether defendant was in default in the performance of this duty, and as to contributory negligence on the part of plaintiff, were, upon the evidence, questions of fact for the jury.

It was claimed that the damages awarded were excessive. The court stated their opinion to be that the claim was well founded, but that they had no jurisdiction to reverse upon that ground.

A motion was made at Special Term to set aside the verdict, and for a new trial on the ground of the alleged misconduct of a juror, the motion was denied; the order was affirmed by the General Term. *Held*, that it was not reviewable here. The court cited *Gray* v. *Fisk* (53 N. Y., 630); *Livermore* v. *Bainbridge* (56 id., 72); *Williams* v. *Montgomery* (60 id., 648), and *held*, that while these decisions were under the Old Code, the provisions of the New Code were not materially different in this respect.

Defendant's counsel called its road-master as a witness, and asked him whether one of plaintiff's witnesses had not applied to him for a position on defendant's road, and was refused. This was objected to and objection sustained. *Held*, no error; that evidence to establish hostility in such case should be direct and positive, as it was in the cases of *Starks* v. *People* (5 Den., 108); *Beardsley* v. *Wildman* (41 Conn., 515); *Higham* v. *Gault* (15 Hun, 383); *Day* v. *Stickney* (14 Allen, 255); *Stephens* v. *People* (4 Park. Cr. R., 397); *Newton* v. *Harris* (6 N. Y., 345); *Wottrich* v. *Freeman* (71 id., 601).

*Matthew Hale* for appellant.

MEMORANDA OF

*E. Countryman* for respondent.

All concur, except FOLGER, J., not voting.
Judgment affirmed.