Barnard, P. J.
The complaint does not bear out the objection that the action is brought by the guardian ad litem by his own right as guardian. It sets up that he is the duly appointed guardian of Ethel A. Spooner, an infant, for the purposes of this action, and that the defendant injured her by its negligent acts without any fault on her part.
That by reason of the injury she sustained, the damages specified and concludes with a demand, upon behalf of the plaintiff, for judgment against the defendant.
The cause of action is one in favor of the infant, and the plaintiff, as her guardian, asserts a right, upon her part, to the damages claimed. No defense is made in the answer to the form of the complaint. The answer sets forth, as a defense, that the defendant was guilty of no negligence which caused the injury, and that the infant was negligent herself. The judgment will bar the infant as her judgment. Beers v. Sherman, 73 N. Y., 292.
The proof of negligence upon the trial was twofold. A highway crossed the railroad, and the defendant permitted the planking at the crossing to become so worn as to be dangerous to persons crossing the railroad, or the planking was originally laid in an improper manner.
That the little girl, in attempting to make some little children get off the track to avoid an imminent train, had her foot slip in the aperature between the iron rail and the planking.
This opening was so wide that the shoe of the girl went in, and that was a little one, two and one-half inches across the bottom.
The planking was laid "with a sharp edge. There is a kind of planking with a beveled edge, which is safer, as it hugs the rail. In a village like East Orange, with considerable passing over the tracks, the safest planking should have been put down, although the kind of planking used was one which would be proper for a crossing not so much used by people passing on foot, and especially in a city where children would bé hable to pass and repass. There was also evidence given on the trial tending to show that the child, after she was fast to the track, signalled the train as well as she could, and that she could have been seen in time to stop the train. The jury have found both issues *560 against the defendant. The evidence on both questions was conflicting.
It is the province of a jury to settle these conflicts, and there is nothing in the appeal papers' which shows that it is proper for an appellate court to set aside the verdict as against the evidence.
The defendant was hable for the defective planking. The street was laid out over the railroad, and after its construction; but the defendant owned this land subject to the street, and was bound to keep and maintain safe crossings. Gale v. N. Y. C. R. R., 76 N. Y., 594.
There is no error in refusing to charge, as matter of law, that the engineer of the train might assume that persons on the track would leave it before the train reached there.
The court left the question to the jury, taking into account the age of the plaintiff and the surrounding circumstances. The girl might lawfully attempt to save other children if she was circumspect, and no doubt she would have saved herself, as well as the others, if the track had been so guarded that her foot had not been caught between the planking and the rail. Eckhert v. Long Island R. R. Co., 43 N. Y., 502.
The charge in respect to the absence of a flagman, is supported by Houghkirk v. Delaware and Hudson Canal Co. (98 N. Y., 633).
The damages are not excessive under a long line of cases.
The plaintiff is a girl of eight years of age, and has lost her foot. The injury is permanent. There was great suffering, and, taking all the circumstances into account, we cannot say that the damages are the result of partiality or prejudice.
The judgment should be affirmed, with costs.
Cullen, J., concurs; Dykman, J., dissents.