Barnard, P. J.
The defendant operates a railroad which crosses North street in the village of Middletown in Orange county. Both by the statute chap. 140 Laws of 1850, and by the principle of the common law, the defendant was bound to keep its road at the crossing, in safe condition so that a traveler upon the highway exercising ordinary care can pass over the same in safety. Gale v. N. Y. C. R. R., 76 N. Y., 594.
It was proven upon the trial that the accident was caused by the wearing away of the plank which was next the rail so that a hole some seven inches deep and over a foot across was occasioned by the public travel on the highway across it. At least evidence was given tending to show this state of facts and the finding of the jury is in favor of its truth. Proof was also given tending to show an injury to the plaintiff in consequence sufficient to support the verdict.
The injuries were severe, painful and permanent. The judgment, is therefore correct, if the case was tried without errors in law. The liability of the defendant was not changed by the assumption of the village officials to keep the crossing in repair.
When a duty is imposed upon a person or a corporation, it cannot be evaded by casting it upon another. The objection to the exclusion of the evidence tending to show that *8 the village had kept the crossing in repair, was not well taken.
So far as the evidence was pertinent to the question, or whether or not there was an ill-kept crossing, it was admitted. The case of Sewell v. City of Cohoes (75 N. Y., 45), is only an authority to this extent, that a city which assumes to keep in repair a piece of land as a public street, cannot in case of injury to the traveler by neglect, deny that it is a legal highway. The case of Babcock v. N. Y. C. and H. R. R. R. Co. (20 Week. Dig., 477), goes no further than that when it is a question whether the duty of restoring a crossing by a railroad extended to the maintenance of a sidewalk, the conduct of the parties was admissible. In the present case there is no question as to the duty of defendant to restore the highway and keep it safe where it crosses the railroad.
The evidence offered as to another accident to the plaintiff’s wagon by the fall of a bolster, was properly rejected. The plaintiff claims an injury from a certain defect in the street. The defendant claimed among other things that the load of straw was too narrow and too high. No defect was proven in the wagon and if the bolster did fall on another occasion that fact had no relevancy on this trial.
The assumption is that the bolster fell ‘ ‘ in an effort to turn.” There was no effort to turn on the occasion in question. The non-suit was properly denied. The liability to restore carried with it all things necessary to make a safe passage over the rails. While the decisions hold that the obligation exists to keep the space between the tracks safe, it must be that a plank or some other means of rising to the level of the iron rail, from the outside, is included in the duty of restoration. The street is neither safe nor passable without such appliances or means of approach to the track.
The charge was right in réspect to errors in judgment. A mere error in-judgment is not of itself contributory negligence. The rule was correctly stated. If the plaintiff driver was ordinarily prudent and careful under all the circumstances, it was all which the law required of him.
There is no other material question raised by the charge, or by the requests to charge.
The judgment should be affirmed, with costs.
Dykman and Pratt, JJ., concur.