(15 App. Div. 218.)

## LOWELL v. CENTRAL VERMONT R. CO.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

RAILROADS—DEFECTIVE CROSSING—NEGLIGENCE.

It is a question for the jury whether a railroad company was negligent in taking up, during the winter, the planks next the rails on a plank crossing, so as to leave a space of 10 inches between the rail and the planking, whereby plaintiff's cutter was overturned, where such space was left to prevent the derailing of trains by the formation of ice between the planking and the rail, but it does not appear that less space would not have sufficed.

Appeal from trial term, Franklin county.

Action by Lawrence Lowell against the Central Vermont Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

The plaintiff sought to recover damages for injuries sustained by himself, and done to his horse and cutter; the latter being overturned upon a railroad crossing, which plaintiff charged defendant with negligently maintaining. The plaintiff on the 14th of March, 1895, was riding in his cutter drawn by a single horse easterly along the highway in the town of Burke, Franklin county. The highway crossed the single track of defendant's railroad on grade and diagonally. The crossing, except in the winter, was covered with planks lying lengthwise between the rails, filling the entire space between the rails, except a space of about an inch and a half inside of each rail, left for the purpose of allowing the flanges of the railroad wheels to pass through, with a plank on the outside of each rail, thus making a proper roadbed for the highway crossing. In the winter the defendant, in order to prevent the snow and ice from so filling and hardening in the inch and a half space between each rail and the plank next to it on the inside, and thus derailing passing cars, took up the plank next to each rail on the inside, and had done so in the winter of 1895, before this injury occurred. The runner of· plaintiff's cutter, upon the day named, as plaintiff was driving over the crossing at a speed of about five miles an hour, came in contact with the easterly rail, and slid along it for a little distance, and then the cutter upset, and plaintiff and his horse and cutter were injured. Evidence was

given by the defendant to the effect that the removal of the planks next inside of the rails was a proper precaution, and had been suggested by experience upon its own, and upon the Malone Division of the New York Central, railroad, both of these companies resorting to this practice. The defendant moved for a nonsuit upon the whole evidence, which was denied, and defendant excepted. The jury rendered a verdict for the plaintiff for $55.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT- NAM, and MERWIN, JJ.

Louis Hasbrouck, for appellant.
Gordon H. Main, for respondent.

LANDON, J. We assume that the runner of the plaintiff's cut- ter sank far enough into the space in the crossing formed by the re- moval of the plank next the easterly rail to bring the runner in contact with the rail; thus preventing its gliding smoothly over it, as it would have done if the plank had been in place. The removed plank was about 10 inches wide. The diagonal direction of the crossing facilitated the sliding of the runner along the inside edge of the rail, and thus the cutter was overturned. Like accidents had pre- viously happened at the same crossing. While it is uncontradicted that the removal of the plank tended to the safety of the passing trains in the winter, we cannot say, upon the evidence, as a matter of law, that it was proper to remove the plank so as to add 10 inches to the customary space for the passage of the flange of the railroad wheels. There is no evidence that less space would not suffice, and it is obvious that the greater the space the greater the liability of injury to passing sleighs. It was the defendant's duty to maintain the highway upon this crossing in a safe condition for public use. Gale v. Railroad Co., 76 N. Y. 594; Bryant v. Town of Randolph, 133 N. Y. 77, 30 N. E. 657; Schild v. Railroad Co., 133 N. Y. 446, 31 N. E. 327. It removed, to some extent, the customary safeguards, and put none in their place. We cannot say that the verdict is contrary to the evidence; still less, that there is no evidence to support it. It is not a case where the jury were left, without evidence, to their own speculation as to what should have been done. Here what was done appears, and whether, in the presence of two duties, one was negligently sacrificed for the sake of the other, was a question for the jury to decide.

Judgment and order affirmed, with costs. All concur.