LOTTIE G. DIMON, as Administratrix of HENRY G. DIMON, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, Impleaded with Others.

1. TRIAL — IMPROPER SUMMING UP OF COUNSEL. Upon the trial of an action, if the summing up passes beyond the bounds of legal propriety, it is the duty of counsel to object specifically and point out the language deemed objectionable, requesting the court to rule on the objection and except to the ruling if adverse; the refusal of the court to admonish counsel to desist and direct the jury at the proper time to disregard improper statements of counsel is also a proper ground for exceptions.

2. APPEAL — QUESTION NOT RAISED BELOW. An objection that the summing up of counsel upon the trial of an action was improper in that it was not confined to the evidence, but was an inflammatory appeal to the passions and sympathies of the jury, which resulted in an excessive verdict, cannot be considered on appeal to the Court of Appeals where the record presents no proper exception raising it.

*Dimon* v. *N. Y. C. & H. R. R. R. Co.*, 74 App. Div. 626, affirmed.

(Argued January 20, 1903; decided January 30, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 23, 1902, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John F. Brennan* and *Charles C. Paulding* for appellant. The summing up was not confined to the evidence, but was an inflammatory appeal to the passions based on no evidence. *Williams* v. *B. E. R. R. Co.*, 126 N. Y. 96 ; *People* v. *Muller*, 167 N. Y. 247 ; *People* v. *Fielding*, 158 N. Y. 542 ; *Keiley* v. *G. L. Ins. Co.*, 57 N. Y. 638 ; *Halpern* v. *N. R. R. Co.*, 16 App. Div. 98 ; *Vogeder* v. *Becker*, 38 App. Div. 380 ; *Stewart* v. *M. S. Ry. Co.*, 72 App. Div. 459 ; *Cossel-*

*mon* v. *Dunfee*, 172 N. Y. 507 ; *Evans* v. *Lorillard*, 19 N. Y. 299.)

*J. Addison Young* and *C. H. Young* for respondent. The summing up of plaintiff's counsel presents no legal error for review by this court. (*Williams* v. *B. E. Ry. Co.*, 126 N. Y. 96 ; *Koelges* v. *G. L. Ins. Co.*, 57 N. Y. 638 ; *McKeever* v. *Weyer*, 11 Wkly. Dig. 258 ; *People* v. *Fielding*, 158 N. Y. 547.) This court is without power to review the determination as to the amount of damages awarded. (*Link* v. *Sheldon*, 136 N. Y. 1.)

BARTLETT, J.   This action was brought by the administratrix of the estate of Henry G. Dimon, deceased, to recover damages for the alleged negligent killing of the intestate in the Park avenue tunnel collision on the 8th day of January, 1902.

At the opening of the trial the defendant, The New York Central & Hudson River Railroad Company, stipulated that the intestate was a passenger on the train, and died from injuries received in a collision, and that the company was solely responsible in damages, and that intestate was guilty of no carelessness contributing thereto.

The plaintiff proved the business character and earning capacity of the intestate, and the defendant put in no proofs.

The jury rendered a verdict for sixty thousand dollars. The Appellate Division affirmed the judgment entered upon this verdict with a divided court and without opinion. The defendant appealed from this judgment of affirmance, and presents to this court a single question of law.

In substance the position of the appellant is that, under the stipulation of the defendant, admitting its liability, the trial of this cause was confined to an assessment of the damages resulting to the widow and next of kin from the death of the intestate ; that the summing up of counsel was not confined to the evidence, but was an inflammatory appeal to the passions and sympathies of the jury, and based on no evidence.

It is argued that the necessary result of the summing up was to inflame the minds of the jury, excite their sympathies and compel an excessive verdict.

This court, as defendant concedes, has no power to consider the question of excessive damages, and if the Appellate Division fails to exercise its ample powers in the premises, the result is final. (*Link* v. *Sheldon*, 136 N. Y. 1, 5 ; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y. 310, 321.)

After trial and verdict, we are confined to questions of law duly raised by exception.

A careful examination of this record discloses no proper exception which permits us to pass upon the character and tendency of the closing address of plaintiff's counsel to the jury.

If the summing up passes beyond the bounds of legal propriety in the judgment of defendant's counsel it is the duty of the latter to object, specifically, and point out the language deemed objectionable, requesting the court to rule on the objection, and except to the ruling if adverse.

The court should also be requested to admonish counsel to desist from such infraction of the rule and direct the jury at the proper time to disregard improper statements of counsel. (*Crumpton* v. *United States*, 138 U. S. 361.) The refusal of the court to so admonish counsel and instruct the jury is proper ground for exception.

The judgment appealed from should be affirmed, with costs.

Parker, Ch. J., Haight, Martin, Cullen and Werner, JJ., concur ; Vann, J., absent.

Judgment affirmed.