annexed thereto, in case it shall be decided on the settlement of the interrogatories to exclude questions with respect to the magnetos, but, if such questions be allowed to stand, that then letters rogatory issue as prescribed by section 913 of the Code of Civil Procedure, without costs, and staying the trial of the issues until the defendant shall be able to obtain the testimony of the witnesses in due form for use upon the trial, unless plaintiff shall file within five days a stipulation that the certified copies of the depositions returned by the commissioner may be read in evidence upon the trial as if they had been duly subscribed by the witnesses, with leave to the plaintiff to move to vacate the stay for failure of the defendant to proceed with due diligence. All concur.

---

### CAREY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. DAMAGES—PERMANENCY—SUFFICIENCY OF EVIDENCE.
    Evidence in an action against a carrier by a passenger for personal injuries considered, and *held* sufficient to show that the injuries were permanent.

2. SAME—EXCESSIVE DAMAGES.
    A verdict of $2,500 for permanent injury to plaintiff's knee is not excessive.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 372–396.]

3. WITNESSES — IMPEACHMENT — CROSS-EXAMINATION — QUESTIONS — SHOWING HOSTILITY OF WITNESS.
    In an action against a carrier for personal injuries, a witness for plaintiff testified on cross-examination that she had met with an accident; but an objection was sustained to the question, "Did you bring suit against the railroad company?" *Held* that, while it was proper to show hostility of the witness to defendant, the question was objectionable as not being limited to suits against defendant.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1192–1199.]

4. SAME—EVIDENCE TO SHOW HOSTILITY.
    Evidence showing hostility of a witness should be direct and positive.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1192–1201.]

5. SAME—EXAMINATION—DISCRETION OF COURT—COLLATERAL MATTERS.
    The extent of the examination of a witness as to collateral matters is within the discretion of the court.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 792–797.]

Appeal from Trial Term, Kings County.

Action by Mary Carey against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

D. A. Marsh, for appellant.

Robert Stewart (Ralph G. Barclay, on the brief), for respondent.

JENKS, J. The action is by a passenger against a common carrier of persons for its negligence. The plaintiff complains that, when she was on the running board of the car, the car was started without affording her a reasonable opportunity to gain a place of security, and that in consequence she was thrown off the car and thereby injured. The testimony in the case presented a question for the jury, and I see no reason to disturb its finding for the plaintiff.

The defendant's appeal presents two questions. It is contended that the verdict of $2,500 is excessive. The plaintiff's knee was injured by the accident. She testifies that she was confined to her home for six months, with the exception that she went out therefrom three or four times. She testifies that she still suffers pain in her knee, that she has difficulty in walking, and that there is a difference in the size of her knees. There is a clash between her attending physician and him called by the defendant. The former testifies in detail to the injuries received, and to a permanent condition, as the result of chronic synovitis, which causes the plaintiff to suffer pain and to limp in walking. The physician called by the defendant testifies that when in the employ of the defendant he examined the plaintiff on the day after the accident and found nothing more than abrasions; that, if the plaintiff had received any injury which would affect the cartilage between the bones of the knee, he would then have expected to find it; and that there was then no indication of any injury to the knee joint. The court at the trial appointed a third physician to make an examination of the plaintiff. He testified that the right knee had suffered some disturbance; there was evidence of some thickening there, and particularly on the inner tuberosity of the bone; there was a difference in size between the knees; the mobility of the leg was not normal; and this defect looked rather like traumatic arthritis than rheumatic arthritis. He further testified that the impairment of the joint was not sufficient to interfere with locomotion, and that the difficulty of the plaintiff in going up and down stairs would be attributable more to pain than impaired mobility. This physician found no trouble with the cartilage; but there was a thickening of the tuberosity at the joint. It seems that the jury accepted the testimony of the plaintiff's attending physician, which was corroborated in part by that of the indifferent medical witness, rather than that of the defendant's physician, who had visited the plaintiff on one occasion and on the day after the accident. The jury were justified in finding that the injury was of permanent character. I cannot say that the damages are so excessive as to require a reduction.

The appellant also contends that the court erred in a ruling upon a question of evidence. Mrs. McCarthy, a companion of the plaintiff at the time of the accident, testified for the plaintiff as to the attendant circumstances. On her cross-examination she was asked if she "ever had an accident of any kind," and she answered:

"Yes, sir; I met with an accident. Q. Did you bring a suit against the railroad company? (Objected to as immaterial and irrelevant. Objection sustained. Exception to defendant.)"

If the witness had testified that she had met with an accident on the defendant's railroad, then the question would have been competent; or if the question had been whether she had sued the defendant, then the

question would have been competent to show the bias of the witness. Zimmer v. Third Avenue R. R. Co., 36 App. Div. at page 271, 55 N. Y. Supp. at page 312 and authorities cited. But all that she was asked was whether she had ever met with an accident and had sued the railroad. If the counsel wished to elicit the information whether the witness had met with an accident on the defendant's road, and had sued the defendant, he should have been more definite. The bringing of a suit against the defendant for an accident might well be shown as evidence of hostility, or as proof of conduct indicating hostility. Wigmore on Evidence, § 949. But it seems to me that the exclusion of a question which, if answered, might only show that the witness had an accident at some time, and thereupon sued a railroad company therefor, should not be considered as reversible error. Such evidence should be direct and positive. Gale v. New York Central & Hudson River Railroad Company, 76 N. Y. 594. The question of the extent of examination into collateral matters is within the discretion of the trial court (Lustig v. N. Y., L. E. & W. R. R. Co., 65 Hun, 556, 20 N. Y. Supp. 477. See, too, Turnpike Road Co. v. Loomis, 32 N. Y. 127, 88 Am. Dec. 311), and I see no reason to interfere with it upon this record.

The judgment and order should be affirmed, with costs. All concur.