■ ROBERTA TABOR, Appellant, v. JOHN TABOR, Respondent.— Order unanimously affirmed, without costs. Memorandum: Special Term mistakenly considered appellant's application to be one for alimony *pendente lite,* child maintenance and temporary counsel fees when the record indicates that she made no application for alimony. Concluding that appellant was "able to support herself", Special Term awarded temporary counsel fees of $150 and otherwise denied her application. It is not clear from the record before us whether Special Term gave adequate consideration to the needs of the children. Nevertheless, in view of the parties' respective financial situations as set forth in their affidavits, we cannot say that the denial of child maintenance was an abuse of discretion. However, as we have said in the past, " The remedy for any claimed inequity in awards of temporary alimony, child support or maintenance is a speedy trial where the respective finances of the parties can be ascertained and a permanent award based on the evidence may be made" (*Frost* v. *Frost,* 38 A D 2d 786; *Cohen* v. *Cohen,* 32 A D 2d 754). Nearly a year has passed since this action was commenced. If there was an erroneous determination respecting child support, this appeal has merely prolonged it. A trial preference should be granted so as to resolve these issues at the earliest possible time. In affirming we also note that an inordinate amount of the total time itemized by counsel to support the application for increased temporary counsel fees was spent on this unwarranted appeal. (Appeal from order of Oneida Special Term denying motion for temporary alimony and other relief.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.

■ LAYTON SALES & RENTALS, INC., Respondent, v. SOMAT REALTY CORPORATION et al., Appellants. HARLOW LAKE AND PARK, INC., Appellant, v. LAYTON SALES & RENTALS, INC., et al, Respondents.— Judgment unanimously affirmed, without costs. Memorandum: We take note of the impropriety of comments made by counsel for Layton Sales in his summation. We do not reverse however, because there was no prejudice to Harlow Lake, in whose favor the jury resolved questions submitted. We also observe that the improper conduct was prompted by provocative remarks on the part of Harlow Lake's attorney. Finally, no objection was made during summation when Harlow Lake could have moved for directions to counsel to desist and to the jury to disregarded. We have previously indicated that a prompt request for the interposition of the court whenever opposing counsel oversteps the bounds of propriety in his remarks is the proper method for counteracting such improprieties (*Rice* v. *Ninacs,* 34 A D 2d 388, 391; *Kinne* v. *International Ry. Co.,* 100 App. Div. 5, 9; see also *Dimon* v. *New York Cent. & Hudson Riv. R. R. Co.,* 173 N. Y. 356; 8 Carmody-Wait 2d, New York Practice, § 56 :140). (Appeals from judgment of Erie Trial Term granting specific performance of realty contract.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.