■ DAVID BINDER et al., Respondents, v EDWARD J. MILLER, JR., Appellant. [835 NYS2d 62]—

Order, Supreme Court, New York County (Carol E. Huff, J.), entered January 13, 2006, which denied defendant's motion to set aside the verdict and direct a new trial, unanimously affirmed, without costs.

In this dental malpractice action, although the remarks by plaintiffs' counsel concerning the experience of a defense expert as a litigation witness would have been better left unsaid, such remarks were isolated and did not permeate the trial (cf. Berkowitz v Marriott Corp., 163 AD2d 52 [1990]). Moreover, although defendant's objections to certain of opposing counsel's comments in summation were preserved for appellate review by counsel at the end of summations, such remarks were not so prejudicial as to warrant a new trial.

Nevertheless, we find it necessary to remind the trial bench at large that although it has broad discretion in conducting trials, blanket prohibitions such as given in this case, directing counsel that "there is to be no objecting in the middle of summations," are inappropriate. Indeed, common courtesy requires a lawyer to allow opposing counsel an unfettered opportunity to argue his or her case to the jury. However, it is axiomatic that where counsel, in summing up, exceeds the bounds of legal propriety, it is the duty of opposing counsel, inter alia, to object specifically, to point out the language deemed objectionable, and to request the court to rule on the objection, admonish counsel to desist from such improper remarks, and direct the jury at the appropriate time to disregard such improper statements (see Dimon v New York Cent. & Hudson Riv. R.R. Co., 173 NY 356 [1903]; 8 Carmody-Wait 2d, NY Prac § 56:300; Siegel, NY Prac § 397, at 669 [4th ed]).

Finally, the award for past pain and suffering, the only pain and suffering damages awarded, did not deviate materially from what would be reasonable compensation. Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.