Kleiber v Fichtel (2019 NY Slip Op 03778)





Kleiber v Fichtel


2019 NY Slip Op 03778


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07504
 (Index No. 17200/13)

[*1]Glenn C. Kleiber, respondent,
v
Robert P. Fichtel, et al, appellants.


Collins, Fitzpatrick & Schoene, LLP (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Robert A. Lifson], of counsel), for appellants.
The Edelsteins, Faegenburg & Brown LLP, New York, NY (Paul J. Edelstein and Judah Z. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated June 19, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages is denied, and the jury verdict is reinstated.
The plaintiff commenced this action against the defendants to recover damages for injuries he allegedly sustained in a motor vehicle accident on June 1, 2013. The case proceeded to a trial on the issues of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) and damages, the defendants having conceded fault for the accident. At that trial, the plaintiff presented the testimony of his treating orthopedic surgeon, who testified that he performed cervical discectomy and spinal fusion surgery on the plaintiff's spine 17 days after the accident. The plaintiff's expert testified that the surgery was originally recommended in the emergency room, on the day of the accident. He further noted that he performed surgery on the plaintiff's cervical spine without attempting physical therapy first, because he did not believe that physical therapy would help. The plaintiff's expert concluded that the accident was the cause of the plaintiff's injuries. However, the defendant's orthopedic expert, who examined the plaintiff approximately three years after the accident and found restrictions of up to 67% in the range of motion of the plaintiff's cervical spine, noted that the plaintiff had preexisting arthritis in his neck, and opined that the accident merely temporarily exacerbated a preexisting injury. Further, the plaintiff was extensively cross-examined as to inconsistencies between his trial testimony and his testimony at an earlier social security hearing and as to inconsistencies between his testimonies and his actions as depicted on a surveillance video, including his lifting, carrying, and changing of an automobile tire.
During his summation, defense counsel argued that the plaintiff has "been lying and exaggerating for a few years now." This remark was not objected to by the plaintiff's counsel. Defense counsel also referred to the plaintiff's case as a "tissue box of lies," and later as a "landfill of lies." Again, neither remark was objected to. The phrase "tissue box of lies" was a reference to the plaintiff's testimony, both at trial and at the social security hearing, to the effect that he had difficulty lifting objects, such as a tissue box. Defense counsel twice referred to the plaintiff's case as a "charade," which remarks were not objected to. He also urged the jury that the plaintiff's expert knowingly performed unnecessary surgery on the plaintiff because "that's where the money is." No objection was interposed.
At the conclusion of the defense summation, the plaintiff's counsel did not lodge any objections, did not request a curative instruction, and did not move for a mistrial. The jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), that the plaintiff sustained $50,000 in damages for lost earnings, and that the plaintiff's damages should be reduced by $25,000 because of his failure to wear an available seat belt. The plaintiff thereafter moved pursuant to CPLR 4401 for a directed verdict and, alternatively, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages on the ground that defense counsel's summation comments deprived him of a fair trial. The defendants cross-moved to reduce the award for past lost earnings to zero and to dismiss the complaint. In an order dated June 19, 2017, the Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on damages, holding that defense counsel's comments "had the cumulative effect of confusing the issues of the case for the jury, and denied plaintiff substantial justice and a fair trial." The order denied the alternative branch of the plaintiff's motion as well as the defendant's cross motion as academic in light of its determination to set aside the jury verdict and grant a new trial. The defendants appeal. On appeal, the defendants contest only the granting of a new trial and urge reinstatement of the jury verdict.
Under CPLR 4404(a), a trial court has the discretion to order a new trial "in the interest of justice" (see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). In considering whether to exercise its discretionary power to order a new trial based on errors at trial, the court "must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to [its] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision' (4 Weinstein-Korn -Miller, NY Civ Prac, par 4404.11)" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381 [citation omitted]). "On appeal, however, this Court is invested with the power to decide whether the trial court providently exercised its discretion" (Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132). Here, we conclude that the Supreme Court's exercise of discretion was improvident.
The trial of this action took place over a period of two weeks; the defense summation consumed less than two hours. The plaintiff's motion for a new trial was predicated upon more than 30 instances of asserted improper comments made by defense counsel during summation, consisting of comments claimed to be predicated upon facts outside the record, comments said to be aimed at inflaming the passion of the jury, and comments asserted to be attacks on the plaintiff's character. While the defense summation was followed by both the plaintiff's summation and the court's charge, no transcript of those portions of the trial has been provided. The Supreme Court's order does not set forth what, if any, arguments or statements were made by the plaintiff's counsel that were responsive to the challenged assertions made by defense counsel in his closing. Nor does the order indicate what, if any, instructions the court gave to the jurors with respect to their consideration of any of the remarks in summation by defense counsel.
The Supreme Court identified three instances where defense counsel continued an inappropriate argument after the court had sustained an objection by the plaintiff's counsel. In one instance, defense counsel was contending that the jury should find that the plaintiff sought the jury to perceive that he was hospitalized on September 8, 2016, rather than on September 8, 2006, so that the jury would infer that the plaintiff's lifting and changing of the tire on September 7, 2016, led to the plaintiff's hospitalization the next day. While the court did sustain a general objection interposed [*2]in the midst of this aspect of defense counsel's argument, and defense counsel did continue to address this point, the plaintiff does not assert that this contention by defense counsel was inappropriate, and we view it as fair comment. The second instance involved an argument by defense counsel that the plaintiff had not called a family member, friend, or employer to "back up" his testimony as to date he returned to work. After an objection by the plaintiff's counsel was sustained, defense counsel shifted his argument to note the failure to call witnesses to verify that the plaintiff was still complaining of his conditions or to testify that the plaintiff's complaints had stopped prior to the accident. On appeal, the plaintiff does not contest the appropriateness of this argument, and we view it as fair comment. In the third instance, defense counsel was commenting on the testimony of one of the plaintiff's witnesses, and the court sustained an objection. Defense counsel was then pressed to complete his summation by both the plaintiff's counsel and the court. When defense counsel then made a comment about the plaintiff's desire for sympathy, the court sustained an objection and instructed the jury to disregard the comment. Again, on appeal, the plaintiff does not point to this aspect of the defense closing as the basis for setting aside the jury verdict.
Apart from the three matters as to which objection was interposed, the Supreme Court identified eight specific statements made by defense counsel in his closing that the court characterized as improper, in addition to the remarks quoted above. However, none of these statements were objected to. We recognize that common courtesy requires that an attorney allow opposing counsel the opportunity to argue his or her case to the jury without undue or repetitive interruptions. Nevertheless, where counsel, in summing up, exceeds the bounds of legal propriety, it is the duty of the opposing counsel to make a specific objection and for the court to rule on the objection, to direct the jury to disregard any improper remarks, and to admonish counsel from repetition of improper remarks (see Binder v Miller, 39 AD3d 387). Where objection is not, or cannot appropriately be, interposed during summation, counsel should, upon the conclusion of the summation, make appropriate objections, seek curative instructions, or request a mistrial (see Wilson v City of New York, 65 AD3d 906, 908; Lucian v Schwartz, 55 AD3d 687, 689; Binder v Miller, 39 AD3d 387; Lind v City of New York, 270 AD2d 315, 317). Where no objection is interposed, a new trial may be directed only where the remarks are so prejudicial as to have caused a gross injustice, and where the comments are so pervasive, prejudicial, or inflammatory as to deprive a party of a fair trial (see Farias-Alvarez v Interim Healthcare of Greater N.Y., 166 AD3d 945, 947; Wilson v City of New York, 65 AD3d at 908). This standard was not met in this case. We stress that the plaintiff's counsel made no complaint regarding the allegedly prejudicial nature of the defendant's closing statement until after an adverse verdict was rendered. The verdict that the plaintiff did not sustain a serious injury was supported by the evidence, and the jury had ample reason to reject the plaintiff's claims and accept the arguments of the defendants.
Accordingly, we reverse the order insofar as appealed from, deny the branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages, and reinstate the jury verdict.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court