Matos v Hiraldo (2022 NY Slip Op 06085)

Matos v Hiraldo

2022 NY Slip Op 06085

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 151150/17 Appeal No. 16577 Case No. 2022-00290 

[*1]Raul Matos, Plaintiff-Respondent-Appellant,
v
Stephen Hiraldo, Defendant-Appellant-Respondent.

McCallion & Associates, LLP, New York (Kenneth F. McCallion of counsel), for appellant-respondent.
Richard J. Katz, LLP, New York (Richard J. Katz of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered October 25, 2021, insofar as appealed from as limited by the briefs, upon a jury verdict in favor of plaintiff on the cause of action for battery, apportioning the fault of each party at 50%, and returning an itemized damages verdict for pain and suffering, unanimously affirmed, without costs.
Although the court took judicial notice and advised the jury of a landlord-tenant stipulation between the building's tenants association and defendant's father, neither of whom were a party to this action, and which was not directly relevant to the parties' actions on the night in question, defendant was not prejudiced by the ruling.
Defendant's challenges to certain of plaintiff's counsel's comments on summation are partially unpreserved (see CPLR 4017). In any event, the comments were brief and did not go beyond the bounds of fair comment and zealous advocacy, nor did they deprive defendant of a fair trial (see Binder v Miller, 39 AD3d 387 [1st Dept 2007]). Moreover, the jury was instructed that summations are not facts or evidence.
Defendant's contention that defense counsel was improperly denied the right to cross-examine plaintiff on a prior inconsistent signed statement made in the criminal complaint, is unavailing. Defense counsel had sought to exclude the criminal complaint from evidence, and thus the court properly denied him permission to use the document as a prior inconsistent statement to cross-examine plaintiff.
The verdict was not against the weight of the evidence, and there is support in the record for the jury's determination to credit plaintiff's version of events regarding the battery (see Matter of S. Kornblum Metals Co. v Intsel Corp., 38 NY2d 376, 379-380 [1976]; Ditmars v Renz, 269 NY 191, 197 [1935]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022