Matter of New York City Asbestos Litig. (2024 NY Slip Op 00977)

Matter of New York City Asbestos Litig.

2024 NY Slip Op 00977

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Shulman, Rodriguez, Rosado, JJ. 

Index No. 190737/18 Appeal No. 1745 Case No. 2023-05007 

[*1]In the Matter of New York City Asbestos Litigation.
James McWilliams, Plaintiff-Respondent,
A.O. Smith Water Products Co. et al., Defendants, Jenkins Bros., Defendant-Appellant.

Clyde & Co US LLP, New York (Thomas Carruthers of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Pierre A. Ratzki of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered September 5, 2023, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Jenkins Bros. for judgment notwithstanding the verdict, a new trial, or remittitur of a verdict awarding plaintiff $13,000,000 for past pain and suffering, and $10,000,000 for future pain and suffering, unanimously affirmed, without costs.
The court properly declined to vacate the jury's findings that valve-related gaskets and insulation manufactured by defendant caused plaintiff's mesothelioma. Plaintiff met his "burden to establish sufficient exposure to a substance to cause the claimed adverse health effect" (Nemeth v Brenntag N. Am., 38 NY3d 336, 343 [2022] [internal quotation marks omitted]). He extensively testified about the tasks involving defendant's products that he frequently performed while working as a steamfitter for decades. He also presented "expert testimony based on generally accepted methodologies" (id.), calling three experts: an industrial hygienist, an epidemiologist, and a thoracic surgeon. The industrial hygienist provided quantitative estimates of plaintiff's cumulative asbestos exposure levels based on the details of plaintiff's testimony, explaining that he relied on several conservative assumptions that could have caused the figures he presented to underestimate plaintiff's actual exposure, such as disregarding the possibility that asbestos fibers in plaintiff's workplace attached to his clothing, causing him to continue being exposed to asbestos after he went home from work. The epidemiologist set forth ranges of asbestos fiber exposures that had been found by epidemiological studies to entail very high "odds ratios" as to mesothelioma, testified that the industrial hygienist's estimates were in the middle of those ranges, and concluded based on those studies that plaintiff's asbestos exposure caused by defendant's products made him about 8, 22, or 47 times more likely to develop mesothelioma than if he had been in a lower-risk group. The surgeon explained that, in contrast with the body's usual pulmonary defense mechanisms against inhaling asbestos fibers in ambient air in ordinary settings, the intensity of plaintiff's exposure to asbestos would have overcome those defenses, allowing fibers to enter his lungs. This testimony, taken together, articulated "a scientific expression of [plaintiff]'s exposure level" (Parker v Mobil Oil Corp., 7 NY3d 434, 449 [2006]) and met the standard for establishing specific causation set forth in Nemeth (see e.g. Sason v Dykes Lbr. Co., Inc., 221 AD3d 491, 492 [1st Dept 2023]).
The industrial hygienist properly relied on a study using a methodology "provid[ing] for the placement of the air cassettes specifically designed to capture asbestos fibers created by the simulated activity in [workers'] breathable zones" (Dyer v Amchem Prods. Inc., 207 AD3d 408, 412 [1st Dept 2022]). This Court has previously found [*2]that this "method satisfies the requirements of Nemeth" (id.).
The court providently exercised its discretion in admitting a video of "Tyndall lighting," involving bright lights in a small chamber with black walls. The industrial hygienist explained that the video was being used solely as a visual aid to illuminate asbestos fibers in the air, and not as a basis or substitute for quantifying asbestos exposure based on scientific studies (see Evans v 3M Co., 2017 NY Slip Op 30658[U], *6-*9 [Sup Ct, NY County 2017]). The video was also relevant to rebutting the defense that asbestos in gaskets was enclosed in metal, preventing asbestos fibers from being released into the air (see id. at *9).
Defendant failed to preserve its challenge to a jury charge, since counsel affirmatively waived any objection to part of the charge in a charge conference and otherwise did not raise the same arguments raised on appeal in the conference (see Carrasquillo v American Type Founders Co., 183 AD2d 410 [1st Dept 1992], lv denied 81 NY2d 703 [1993]). Defendant also failed to preserve its argument that the jury might have overheard the court's comment during a sidebar, in the absence of a timely objection, given that counsel waited until the next day to raise an argument about that issue (see People v Weinstein, 207 AD3d 33, 58 [1st Dept 2022], lv granted 38 NY3d 1154 [2022]). In any event, we find that those unpreserved arguments are unavailing on the merits.
Defendant's challenges to plaintiff's counsel's summation are unpreserved except as to counsel's comments suggesting that the jury represented "the voices of this community," and asserting that the damages award proposed by defendant's counsel "made a mockery of" the legal system and the principles governing damages for pain and suffering. Moreover, any improprieties in the summation were not so egregious or pervasive as to warrant reversal, in light of the strength of the plaintiff's case (see Selzer v New York City Tr. Auth., 100 AD3d 157, 164 [1st Dept 2012]; Binder v Miller, 39 AD3d 387 [1st Dept 2007]; see also Norton v Nguyen, 49 AD3d 927, 930 [3d Dept 2008]).
Defendant failed to preserve its challenge to the court's ruling requiring any summation objections to be raised after summations. Furthermore, while "blanket prohibitions" against objecting during summation are generally improper (Binder, 39 AD3d at 387), we find that any error was not sufficiently prejudicial to warrant reversal under the circumstances of this case (see id.).
The court properly declined to dismiss plaintiff's claim for future pain and suffering. The jury's award of damages for past and future pain and suffering did not "deviate [] materially from what would be reasonable compensation" (CPLR 5501[c]; see e.g. Matter of New York City Asbestos Litig. [Macaluso], 173 AD3d 529 [1st Dept 2019];
Matter of New York City Asbestos Litig. [Hackshaw], 143 AD3d 485 [1st Dept 2016], affd 29 NY3d 1068 [2017]).
We have considered defendant's [*3]remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024