■ BANKERS TRUST COMPANY, Respondent, v SIDNEY UNGAR et al., Appellants.—Order, Supreme Court, New York County, entered on February 6, 1976, and the judgment entered thereon on March 30, 1976 unanimously affirmed for the reasons stated by Asch, J., at Special Term. Respondent shall recover of appellants $60 costs and disbursements of this appeal. Concur—Markewich, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.

■ HOWARD P. KAMIN et al., Appellants, v AMERICAN EXPRESS COMPANY, et al., Respondents.—Order, Supreme Court, New York County, entered on April 8, 1976, and the judgment entered thereon on April 9, 1976 unanimously affirmed on the opinion of Greenfield, J., at Special Term. Respondents shall recover of appellants $60 costs and disbursements of this appeal. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Nunez JJ. [86 Misc 2d 809.]

■ G. A. SAXTON & Co., INC., Appellant, v ARTHUR W. BERTSCH et al., Respondents.—Judgment, Supreme Court, New York County, entered on March 15, 1976, unanimously affirmed for the reasons stated by Gellinoff, J., at Special Term. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Yesawich, JJ.

■ ANNA T. BAKER, Respondent, v JOSEPH LEUNER, JR., TRUCKING INC., et al., Appellants.—Judgment for plaintiff-respondent, after unanimous jury verdict, Supreme Court, Bronx County, entered November 24, 1975, unanimously affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. When a truck was being unloaded by the joint efforts of both trucker and store employees at a sidewalk in front of the store, boxes were piled on the sidewalk in such manner as to leave a narrow aisle for pedestrians. While this space was being negotiated by plaintiff, an elderly lady accompanied by a leashed dog, a box thrown from the truck struck the dog. The animal bolted, and plaintiff was thrown to the sidewalk by the sudden pull on the leash, sustaining serious injury. While possibly the specific details of this unusual accident might not have been envisioned, it should have been reasonably foreseeable that injury might be caused by the throwing of boxes from a truck to the sidewalk without adequate precaution being taken. During his summation, it is claimed that plaintiff's counsel made an intemperate derogatory remark concerning his adversary. No request had been made for the recording of summations and, objection not having been made immediately, no record was made of the objectionable comment. Belatedly, the next day, application was made by defense counsel to compel repetition of the offensive statement for the record; this was not acceded to, the court indicating that, busy as he was making notations, he could not recall the matter objected to with any degree of specificity. Further, no request to charge on the subject was made, nor was exception taken to the court's reaction to the happening. In all the circumstances described, "we have no basis upon which we can determine whether any comments were prejudicial." (Rice v Ninacs, 34 AD2d 388, 391.) Appropriate action when the alleged impropriety was committed might well have preserved a record of the alleged impropriety. (Layton Sales & Rentals v Somat Realty Corp., 39 AD2d 640.) Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.