Frank Danielenko et al., Respondents, v Kinney Rent A Car, Inc., et al., Appellants-Respondents.

Kinney Rent A Car, Inc., Third-Party Plaintiff-Respondent, v Tracealarm, Inc., Third-Party Defendant-Appellant.

First Department, January 5, 1982

APPEARANCES OF COUNSEL

*T. James Bryan* of counsel *(Sidamon-Eristoff, Morrison, Warren, Ecker & Schwartz,* attorneys), for Kinney Rent A Car, Inc., and others, appellants.

*Charles Palella* of counsel *(Acito & Klein, P.C.,* attorneys), for Harold Spink, respondent.

*Martin Szold* of counsel *(Szold Schapiro & Coster,* attorneys), for Frank Danielenko and others, respondents.

OPINION OF THE COURT

Murphy, P. J.

Both the operative facts of this appeal and the broad

legal principles governing the negligence area are fairly stated in the dissenting opinion. However, viewing the evidence most favorably to the individual plaintiffs, we find that Kinney had a duty to use reasonable care to prevent the placement of the bomb. We also find that that risk of danger was foreseeable. For these reasons, we would affirm.

Kinney, as the lessor-bailor of the automobile, was obligated to use reasonable care to ensure that, at the time of the letting, it was free from defects or weaknesses that rendered it unfit for its known intended use (9 NY Jur 2d, Bailments and Chattel Leases, § 76, p 90; *La Rocca v Farrington,* 301 NY 247). This basic principle must naturally be extended upon the facts in this case to impose upon Kinney the obligation to use due care to ensure that the contents of the leased vehicle, at delivery, were not harmful to the lessee-bailee, Tracealarm, or its employees. There is no merit to Kinney's contention that it could not have anticipated, and thus, it cannot be held liable for the criminal act of some unknown third person who planted the bomb. *(Saugerties Bank v Delaware & Hudson Co.,* 236 NY 425, 431.) A duty to protect from a foreseeable criminal act often arises from certain relationships (cf. *Loeser v Nathan Hale Gardens,* 73 AD2d 187). Kinney, as the bailor of the automobile, owed that duty to the individual plaintiffs in this proceeding. Therefore, Kinney may not absolve itself from all liability by merely pointing to the criminal act of some unknown person.

With regard to the question of foreseeability, the Court of Appeals has stated that: "While for one to be held liable in negligence he need not foresee novel or extraordinary consequences, it is enough that he be aware of the risk of danger" *(Johnson v State,* 37 NY2d 378, 382). On this same subject, the First Department has observed that, while the specific details of an unusual accident might not have been envisioned, it need only have been foreseeable that injury might be caused by a negligent act *(Baker v Leuner Trucking,* 54 AD2d 654).

In addition to renting vehicles, Kinney (used singularly to cover all the Kinney companies) often acts as a garage-

man in New York City. In that alternative role as a bailee, it is aware from experience that theft and vandalism regularly occur in its garages and other garages in the city. Upon the failure of Kinney or any other garageman to use reasonable care in the protection of a vehicle entrusted to its care, the bailor of the vehicle is entitled to recover for any damages incurred. (See, e.g., *Motors Ins. Corp. v American Garages,* 98 Misc 2d 887; *Palazzo v Katz Parking Systems,* 64 Misc 2d 720; cf. *Sherber v Kinney Systems,* 42 Misc 2d 530; 25 NY Jur, Garages, § 32, p 122.)

In its present role of bailor, Kinney was required to be equally vigilant in protecting its own vehicle through the use of reasonable care. While Kinney might not have specifically foreseen that a bomb would be placed under the front seat of the vehicle, it should have been fully aware that other serious damage could be caused to a vehicle left unattended in its garage. It is not unknown in this city for an intruder to vandalize the steering, braking or other critical mechanism of a car while parked in a garage. If the bailee-lessee of such a damaged vehicle was subsequently injured or killed, Kinney could hardly argue that the vandalism was unforeseeable. Similarly, in the instant case, Kinney might not have foreseen the exact form of the terroristic act, but it should have foreseen the possibility that a senseless act of terrorism might occur. To the lessee injured or killed, it matters little that Kinney's negligence permitted a bomb to be planted in the vehicle rather than its brake wires to be severed.

There was ample evidence in this record to support the jury's determination that Kinney had not taken reasonable precaution to secure its garage and to safeguard this vehicle from a foreseeable criminal act. (Cf. *Klein v Sura Jewelry Mfg. Corp.,* 53 AD2d 854.) The criminal act was not an intervening cause that relieved Kinney from all responsibility since it was Kinney's duty vis-à-vis its lessees to guard against such criminal acts. Although it was impractical for the railroad to guard its many miles of track in *Deyo v New York Cent. R.R. Co.* (34 NY 9), it was

physically possible for Kinney to take reasonable steps to protect its vehicles for hire.

We find no merit to the other points raised by Kinney.

Accordingly, the resettled order and interlocutory judgment (one paper) of the Supreme Court, New York County (WALLACH, J.), entered on or about February 5, 1981, which, *inter alia,* found defendant Kinney liable for 40% of the individual plaintiffs' damages, should be affirmed, without costs.

LUPIANO, J. (dissenting). Third-party defendant Tracealarm, Inc., engages in the business of transporting money and valuables under the protection of armed guards. As a security measure, it rented ordinary sedan vehicles from defendant-appellant Kinney Rent A Car, Inc. (hereinafter Kinney). On May 27, 1971, four employees of Tracealarm, Inc. (plaintiffs Frank Danielenko, Benjamin Balabanski, George Murray and Harold Spink) were assigned to transport a payroll from Manhattan to Kennedy Airport. Plaintiff Spink (the driver) arrived at the Kinney garage on East 40th Street in Manhattan at 3:40 A.M. to pick up the rented vehicle to be utilized in this transportation. Shortly before this date there had been labor disturbances at Kinney regarding employee layoffs. Spink found the garage doors open and no attendant or guard posted near the entrance. He was given a 1971 low mileage Ford Galaxy chosen by a Kinney employee. Inspecting the car for exterior damage (to avoid potential damage claims against his employer) which inspection disclosed nothing unusual, Spink observed that the vehicle was the same one he had rented two days earlier. The odometer reading disclosed that the vehicle had not been used in the interim.

Having signed for the vehicle, Spink drove it to the Tracealarm office in Manhattan, left it locked and joined the other three afore-mentioned individual plaintiffs in the office from whose window they observed the vehicle as part of their regular security procedure. After being entrusted with the payroll by the Tracealarm dispatcher, the four left the office and entered the rented car. Spink observed that the vehicle showed no signs of tampering. While driving on the Van Wyck Expressway to the airport an explosion

occurred which destroyed the vehicle and about half of the payroll and seriously injured the car's occupants. A police expert testified to recovering a spring and mechanical dial timer from under the front passenger seat. The explosion was apparently caused by a bomb planted under that seat.

Suits were filed on behalf of the four injured employees of Tracealarm against Kinney sounding in negligence. (Spink also sought recovery predicated on breach of warranty.) Tracealarm sued Kinney for recovery of the payroll money destroyed by the explosion. Kinney initiated a third-party complaint in negligence against Tracealarm. Tracealarm defaulted in answering.

At the bifurcated trial, the court submitted the issue of liability to the jury posing three interrogatories: (1) Was the bomb present in the leased car when it left Kinney's possession? (2) If "yes", was Kinney's negligence responsible for the explosion? (3) If "yes" to both preceding questions, were any of the four employees or their employer Tracealarm contributorily negligent? The jury answered "yes" to the first two questions, and in response to the third, found Tracealarm contributorily negligent. After the jury returned its verdict, Kinney moved for a default judgment upon its third-party complaint and the court apportioned liability as 40% for Kinney and 60% for Tracealarm. The third-party complaint alleges that damages, if any, sustained by the four Tracealarm employees were due to negligence on the part of Tracealarm "in not taking reasonable steps to safeguard the automobile * * * in failing to notice that the vehicle was in a dangerous * * * state * * * in not properly inspecting the vehicle". It is also noted that in light of motions made at trial, all four plaintiff employees alternatively pleaded causes of action for breach of warranty against Kinney.

"Pursuant to the general rule that there can be no actionable negligence unless the risk of injury was reasonably foreseeable, no duty to the person injured arises unless the injury should have been anticipated * * * no duty lies to forestall the consequences of criminal conduct" (41 NY Jur, Negligence, § 10, p 24). "The risk reasonably to be perceived defines the duty to be obeyed" *(Palsgraf v Long Is. R.R. Co.,* 248 NY 339, 344). Reasonable foresight

and ordinary prevision in the prevention of injury, not prophetic vision or extraordinary prevision is required (see *Deyo v New York Cent. R.R. Co.,* 34 NY 9; *Greene v Sibley, Lindsay & Curr Co.,* 257 NY 190; *Cartee v Saks Fifth Ave.,* 277 App Div 606, 609-610 [1st Dept]; *Morris v Troy Sav. Bank,* 32 AD2d 237, 238 [3d Dept], affd 28 NY2d 619). The placement of a bomb under the front seat of the rental car was not, on this record, a foreseeable event. "Under ordinary circumstances no one is chargeable with damages because he has not anticipated the commission of a crime by some third party" (41 NY Jur, Negligence, § 39).

The argument that defendant Kinney was liable because it could have done something in this case to discover the bomb, even though it had no reason to foresee the placement of the bomb, fails because one is not negligent in failing to prevent an unforeseeable happening simply because the prevention of that happening was possible. This observation is relevant to the testimony at trial that Kinney would service its vehicles in the interim between rentals to the extent of washing the outside and vacuuming the inside of such vehicles where necessary. There is testimony tending to show that the subject vehicle was washed prior to this rental, but no testimony demonstrating whether the vehicle had been vacuumed was elucidated, other than disclaimers of knowledge as to this fact. Assuming lack of vacuuming, the speculation that such activity, if engaged in, may well have led to discovery of the bomb is not a sufficient basis for fixing liability upon Kinney. It is inconceivable that the placement of the bomb in the car was a random accident. It was a deliberate act.

If Kinney and all other companies renting cars to the public are to be held responsible for preventing the deliberate concealment of harmful devices on their cars as a duty of ordinary care, regardless of the remoteness of such an event, they would have to take apart every car before renting it because such a device could be hidden anywhere. The economic consequences of requiring such inspection prior to the rental of each car cannot be ignored. The costs might well make car rentals prohibitive.

"It is well established that before a defendant may be held liable for negligence it must be shown that the defen-

dant owes a duty to the plaintiff *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 342; see, also, 1 Shearman and Redfield, Negligence [Rev ed], § 4, pp 10-11). In the absence of duty, there is no breach and without a breach there is no liability *(Kimbar v Estis,* 1 NY2d 399, 405). This requirement is expressed in the often-quoted remark: 'Negligence in the air, so to speak, will not do' (Pollock, Torts [13th ed], p 468)" *(Pulka v Edelman,* 40 NY2d 781, 782). It is noted that there was no evidence to indicate that anyone had ever placed a bomb or otherwise criminally tampered with a Kinney car in the past. No duty devolved upon Kinney to keep its car under continuous surveillance.

Finally, products liability is not involved in this case. It is not claimed that the rented vehicle caused the injury to the plaintiffs. It is the bomb that did so.

The judgment of the Supreme Court, New York County (WALLACH, J.), entered November 7, 1980, after a jury trial on the issue of liability only, which found the defendants liable for the injury caused to the plaintiff's employees by the explosion of the bomb in the rented vehicle, should be reversed on the law and the complaints should be dismissed. The third-party complaint of Kinney Rent A Car, Inc., against Tracealarm, Inc., should be dismissed as academic.

KUPFERMAN, SANDLER and MARKEWICH, JJ., concur with MURPHY, P. J.; LUPIANO, J., dissents in an opinion.

Order and interlocutory judgment (one paper) Supreme Court, New York County, entered on November 7, 1980, as resettled on February 5, 1981, affirmed, without costs and without disbursements.