OPINION OF THE COURT
Wachtler, J.
The essential thrust of plaintiffs’ claim is that defendants were negligent in not posting a sufficient number of guards to protect against the surreptitious placement of a bomb in one of their vehicles and in not searching each vehicle prior to rental for detection of hidden harmful devices. Although it is clear that defendants owed plaintiffs a duty of reasonable care, we find that plaintiffs failed to establish a prima facie case of negligence in that they introduced no evidence that defendants in any way breached the duty owed.
Tracealarm, Inc. (Tracealarm), a security agency which transports money under armed guard on behalf of its customers, rents automobiles available to the general public from defendant Kinney Rent A Car (Kinney) for this purpose. Before dawn on May 27, 1971, plaintiff Harold Spink, a Tracealarm employee, arrived at Kinney’s garage at 220 East 40th Street in New York City to obtain a vehicle to be used to transport a payroll to United Airlines at Kennedy Airport.
When Spink arrived, one of Kinney’s attendants was in a portion of the garage below the main street level where the rental vehicles were stored. The three front bay doors located at the street level were open, and Spink observed no one in the office, also located at street level, at that time. After a few moments the attendant came to the main level. Kinney’s records indicated that four employees, including a manager, were on night duty on May 27, 1971.
After obtaining a vehicle from the attendant, Spink drove to the offices of Tracealarm where he parked and locked the car and went into the offices to secure the payroll. He was met by three other Tracealarm employees and the four proceeded to the car with the payroll. Spink drove the vehicle, with the others as passengers, towards Kennedy Airport. While the four Tracealarm employees were driving on the Van Wyck Expressway an explosion *203 occurred which destroyed the vehicle and approximately half of the payroll and seriously injured the occupants. The explosion was apparently caused by a bomb secreted under the front passenger seat, for a police expert testified that he recovered a spring and mechanical dial timer from under that seat.
The four injured Tracealarm employees commenced actions against Kinney sounding in negligence. Spink also sought recovery for breach of warranty. Tracealarm sued Kinney for recovery of the payroll money destroyed by the explosion. Kinney filed a third-party complaint against Tracealarm for negligence in not having established adequate procedures to enable its employees to prevent this type of occurrence. Pursuant to postverdict motions all four plaintiff employees were permitted to plead alternative causes of action for breach of warranty against Kinney.
The plaintiffs offered no evidence at the jury trial regarding when or how the bomb was placed in the automobile or by whom. No evidence was presented to suggest any motive for the bombing. The only evidence which would remotely suggest any motive for the bombing was a vague reference to a previous labor dispute. None of the evidence indicated that any of Kinney’s vehicles had been vandalized in the past or that anyone had ever tampered with one of the vehicles in a manner designed to cause or resulting in injury to a bailee.
In a pretrial deposition of a Kinney security officer, introduced by plaintiffs at trial, it was stated that as a general practice a returned vehicle is prepared for rerental by examining the vehicle’s essential systems, including the lights, brakes, windshield wipers, as well as the oil, battery and wiper fluid levels. Kinney employees would also test drive the vehicle. The brakes were checked by driving the vehicle down the ramp to the main storage area on the lower substreet level.
The jury found Kinney liable by its answers to two interrogatories which asked whether the bomb was in the vehicle when Spink obtained it and whether Kinney’s negligence was responsible for the explosion. The jury also found that Tracealarm was contributorially negligent. In *204 light of these findings the court allocated liability 40% to Kinney and 60% to Tracealarm and, accordingly, entered an order and interlocutory judgment to that effect on the issue of liability only. The Appellate Division, First Department, affirmed, one Justice dissenting (84 AD2d 159). The court then granted Kinney’s motion for leave to appeal on a certified question. We reverse and answer the certified question in the negative.
Whether a breach of duty has occurred, of course, depends upon whether the resulting injury was a reasonably foreseeable consequence of the defendants’ conduct. “If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability” (Prosser, Torts [4th ed], § 43, p 250). Whether hindsight reveals that greater precautions could have been taken to avoid the harm that eventuated is irrelevant if the injury could not reasonably have been foreseen at the moment the defendant engaged in the activity which later proves harmful (see Green v Sibley, Lindsay & Curr Co., 257 NY 190).
A review of the record reveals no evidence indicating that the exercise of reasonable care required defendants to guard their rental vehicles against the possibility of this type of incident. No attempt was made to prove that acts of sabotage to returned vehicles had ever occurred, thus tending to establish that defendants were on notice of the possibility that the subject bomb might be planted (cf. Nallan v Helmsley-Spear, Inc., 50 NY2d 507).
The Appellate Division supported its determination by finding that defendants were on notice that violent sabotage to their vehicles could occur: “In addition to renting vehicles, Kinney * * * often acts as a garageman in New York City. In that alternative role as bailee, it is aware from experience that theft and vandalism regularly occur in its garages and in other garages in the city.” (84 AD2d, at pp 160-161.)
There is no factual evidence in the record to support this determination. Although the majority below cited several parking garage cases regarding the general vandalism *205 problem in parking garages in New York, none of these cases involved vandalism affecting the safety of the vehicle involved which could lead to personal injury during its subsequent use. Thus, even if defendants knew that vandalism might occur, they had no reason to believe it would subject plaintiffs or the public to any risk of injury.
The most foreseeable event that can be gleaned from the record is that defendants’ automobiles could be stolen or parts taken from them. To protect against this possibility the vehicles were housed in the basement of defendants’ business premises and, in addition to daytime security, four employees were kept on duty at night. Since violent sabotage was not foreseeable, it appears that the duty of reasonable care owed plaintiffs was satisfied by assuring that the bailed vehicle was in sound operating condition.
Finally, defendants contend that the trial court erred in refusing to grant their motion to dismiss the breach of warranty claims of plaintiffs Tracealarm and Spink, and in allowing the other plaintiffs to amend their complaints after the jury’s negligence verdict to plead breach of warranty claims. The resettled order makes no mention of this breach of warranty issue. In view of the jury’s finding of negligence, which rendered the warranty claims academic, and the affirmance of the court below, it is clear that this issue is not encompassed within the limited question certified to this court for disposition which deals only with the resettled order.
The order of the Appellate Division should be reversed, with costs, and the complaints dismissed insofar as they assert causes of action for negligence. Certified question answered in the negative.
Chief Judge Cooke and Judges Jasen, Jones, Fuchs-berg and Meyer concur; Judge Gabrielli taking no part.
Order reversed, etc.