OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The central question on this appeal is whether the City satisfied its duty of care to plaintiff, while in custody, to protect him from self-inflicted harm. Both parties acknowledge that a duty of care is owed by prison authorities with respect to the health and safety of their charges (see, e.g., O’Grady v City of Fulton, 4 NY2d 717, affg 4 AD2d 743). When prison authorities know or should know that a prisoner has suicidal tendencies or that a prisoner might physically harm himself, a duty arises to provide reasonable care to assure that such harm does not occur. Neither the requisite knowledge nor the lack of proper supervision was shown here. Although plaintiff exhibited boisterous, irrational and delusional behavior — and consequently was placed alone in a bare cell, without belt or shoelaces, with a correction officer seated directly outside his cell monitoring him — neither the City’s information nor the plaintiff’s actions prior to the moment he suddenly scaled the bars of his cell and plunged head first into the toilet bowl gave notice to the City that he might harm himself in any such fashion.
*841 Whether a breach of duty has occurred depends upon whether the resulting harm was a reasonably foreseeable consequence of the defendant’s acts or omissions (Danielenko v Kinney Rent A Car, 57 NY2d 198, 204). If no inquiry could have been reasonably foreseen, or if defendant’s conduct was reasonable in light of what could have been anticipated, there is no breach of duty, no negligence and no liability (Prosser and Keeton, Torts § 43 at 280 [5th ed]). "Whether hindsight reveals that greater precautions could have been taken to avoid the harm that eventuated is irrelevant if the injury could not reasonably have been foreseen at the moment the defendant engaged in the activity which later proves harmful”. (Danielenko v Kinney Rent A Car, supra, at 204.) Plaintiff failed to establish that the injury could have been reasonably foreseen, or that the City’s conduct was not reasonable in light of what could have been anticipated, and he therefore failed to make out a prima facie case of negligence against the City.
We have no quarrel with the statement of applicable law set forth by the dissent, but reach the opposite conclusion when that law is applied in this case. We agree with the Appellate Division that, as a matter of law, the actions taken with regard to plaintiff were reasonable under the circumstances and that every possible precaution had been taken to guard against what was reasonably foreseeable. The dissent concludes that the jury could reasonably have found that, in the moments in which the relevant events unfolded, this plaintiff should have been physically immobilized or restrained until he received medical attention. However, the undisputed evidence that boisterous, irrational behavior (including climbing the bars of the cell) is not uncommon in holding pens and would not itself warrant medical attention, together with the other undisputed evidence — for example, plaintiff’s stated intention to feign insanity, his apparent normality shortly before the incident, the absence of any knowledge on the part of the City of a suicidal history, the routine removal of belts and shoelaces, the confinement of plaintiff alone in a bare cell monitored by a correction officer — lead us to affirm the conclusion below that there was no prima facie case of negligence against the City.
Finally, we address the additional argument made by the City. The City notes the unfortunate reality that many persons in custody may exhibit bizarre behavior, rendering it difficult for prison authorities to guard them from each other *842 as well as to protect them from harm to themselves. As we wrote in another connection in Hirsh v State of New York (8 NY2d 125, 127): "If institutions for the mentally ill are required to take all of the precautions contended for in this case, and are to be held liable for such delicate mistakes in judgment, patients would be kept in strait jackets or some other form of strict confinement which would hardly be conducive to recovery * * * Reasonable care is required to protect such patients against themselves * * * but no evidence of lack of it has been shown in his case.” The use of restraints and medications to immobilize inmates obviously engenders other problems and points up the dilemma faced by the City, which may well be confronted by major damages litigation whatever course it chooses. In the present case, no more is required of the City than the exercise of reasonable care in the light of what might reasonably have been anticipated; no evidence of the lack of it has been shown here.