■ PLUMMER BRADLEY, Appellant, v COUNTY OF ALBANY et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered June 22, 1989 in

Albany County, which granted defendants' motion to dismiss the complaint.

Plaintiff, an inmate at the Albany County Jail, brought suit against the county and its Sheriff to recover damages for injuries allegedly suffered on September 23, 1987 when plaintiff caught his right hand in a moving mechanical gate at the jail. The first cause of action in the verified complaint charges both defendants with negligence, and the second cause of action asserts that defendants' failure to provide proper medical treatment violated plaintiff's constitutional rights under 42 USC § 1983. The negligence claim against the Sheriff was dismissed as time barred (see, CPLR 215 [1]) and plaintiff does not challenge that determination.

In response to defendants' motion, which was made pursuant to CPLR 3211 (a) (5) and (7), however, Supreme Court also dismissed plaintiff's section 1983 claims against both defendants, as well as the negligence claim against the county, for failure to state a cause of action; Supreme Court found that plaintiff failed to submit proof to support these causes of action. A motion to reargue was denied. On appeal, plaintiff maintains that the court erroneously treated defendants' motion to dismiss as one for summary judgment without furnishing plaintiff any notice (see, CPLR 3211 [c]) and, further, that the complaint alleges facts sufficient to state a cause of action. We agree.

CPLR 3211 (a) (7) motions to dismiss question whether the complaint states a cognizable cause of action (see, Foley v D'Agostino, 21 AD2d 60, 65), not whether the claim has merit (supra, at 66). Inasmuch as defendants' motion merely attacked the adequacy of the pleading and not its merits, plaintiff was not required to submit evidence establishing the causes of action alleged (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.36).

Supreme Court's order does not clearly indicate whether it treated defendants' motion as one to dismiss or as one for summary judgment. Assuming the former, we have no difficulty after reviewing the pleading in concluding that it is sufficiently particular both factually and legally to state causes of action against the county for negligence and against both defendants for violating section 1983. And Correction Law former § 500-c (added by L 1984, ch 907, eff until Sept. 30, 1987), adverted to by Supreme Court, does not bar plaintiff from bringing a claim against the county (see, e.g., Gordon v City of New York, 120 AD2d 562, 563-564, affd 70 NY2d 839;

*Wilson v Sponable,* 81 AD2d 1, 6, *appeal dismissed* 54 NY2d 834).

If, as plaintiff contends, the motion was treated as one for summary judgment, then Supreme Court's failure to provide plaintiff with the mandated notice *(see,* CPLR 3211 [c]) compels reversal *(see, Mihlovan v Grozavu,* 72 NY2d 506, 508). Defendants' suggestion that their unilateral handling of the motion as one for summary judgment provided plaintiff adequate notice is unpersuasive *(supra).*

In its motion, the county alternatively requested an order requiring plaintiff to redraft the complaint so as to comply with CPLR 3017 (c). That relief should have been granted. Pleadings in actions against municipal corporations may request only general relief, and punitive damages are not recoverable from a municipal corporation for claims based on negligence *(Sharapata v Town of Islip,* 56 NY2d 332, 334) or 42 USC § 1983 *(Newport v Fact Concerts,* 453 US 247, 271).

Order modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing plaintiff's first cause of action in negligence against defendant County of Albany and plaintiff's second cause of action for claimed violations of 42 USC § 1983 against both defendants; deny motion regarding said causes of action, grant so much of the county's motion as demanded that plaintiff replead both causes of action against the county in conformance with CPLR 3017 (c) and eliminate therefrom any demand for punitive damages; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.