■ EMILY CARNI, Respondent, v CHARLES W. JACOBSEN, INC., Appellant. [598 NYS2d 409] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: In August 1985, plaintiff, an employee of Dey Brothers Co., Inc. (Dey Brothers), worked in an office in a building that fronts on Warren Street in the City of Syracuse. Defendant, which operated a business engaged in the sale, repair, restoration and cleaning of Oriental rugs, leased space from Dey Brothers on the sixth floor of an adjacent building that fronts on South Salina Street. Plaintiff commenced this action to recover damages for personal injuries. She alleged that defendant negligently exposed her to fumes from moth flakes during the week prior to August 8, 1985. Defendant uses moth flakes in the operation of its business. Plaintiff alleged that as a result of exposure to those fumes, she sustained permanent injuries including pneumonia, bronchitis and obstructive pulmonary disease. After joinder of issue and upon completion of discovery, defendant moved for summary judgment contending that, as a matter of law, plaintiff's injuries were not a reasonably foreseeable consequence of defendant's use of moth flakes. Supreme Court denied defendant's motion.

We reverse. Defendant met its initial burden of establishing, by the tender of proof in admissible form, that the occurrence of plaintiff's injuries was not a reasonably foreseeable conse-

quence of defendant's use of moth flakes. The deposition testimony given by defendant's president established that defendant has operated an Oriental rug business for over 65 years and has, on various occasions, treated wool rugs with moth flakes. Defendant also tendered evidence demonstrating that it was not aware from previous experience that moth flake fumes, emanating from its business operation, had ever caused injury to others (see, Danielenko v Kinney Rent A Car, 57 NY2d 198, 204). Further, Dey Brothers' operations manager testified that the building where plaintiff worked and the building where defendant operated its business had independent ventilation and air exchange systems. Additionally, defendant tendered unrebutted testimony that it had no control of the installation, repair or service of those systems.

In opposition to defendant's motion, plaintiff failed to come forward, by the submission of proof in evidentiary form, to "show facts sufficient to require a trial" (CPLR 3212 [b]) on the issue of foreseeability. Therefore, defendant is entitled to summary judgment dismissing the complaint. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.