■ FRANK RICHICHI, Appellant, v CONSTRUCTION MANAGEMENT TECHNOLOGIES, INC., Defendant and Third-Party Plaintiff-Respondent, and RICHARD ROGERS et al., Respondent. R & S MASONS, INC., Third-Party Defendant-Respondent. [664 NYS2d 615] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated November 13, 1996, which granted the separate motions of the defendant Construction Management Technologies, Inc., and the defendants Richard Rogers and Nancy Rogers, respectively, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed with one bill of costs to

the respondents appearing separately and filing separate briefs.

The plaintiff commenced the instant action to recover damages for personal injuries he allegedly sustained by attempting to remove a tree stump at a construction site. At the time of his injury, the plaintiff was employed by R & S Masons, Inc., a masonry subcontractor, to keep the work site clean by picking up construction debris. The work site was owned by the defendants Richard and Nancy Rogers (hereinafter the Rogers), who contracted with the defendant Construction Management Technologies, Inc. (hereinafter CMT), to build a residential house in Bedford Hills, New York. In his complaint, the plaintiff alleged, *inter alia,* that the defendants failed to provide a safe workplace and properly supervise their agents and employees in violation of Labor Law § 200. The defendant CMT thereafter commenced a third-party action against R & S Masons for indemnification and contribution.

Following joinder of issue and discovery, CMT and the Rogers separately moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted their motions, finding no genuine issues of fact requiring trial. We affirm.

Labor Law § 200, a codification of the common-law duty imposed upon landowners and general contractors to maintain a safe workplace (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505), does not extend to defects or dangers arising from a subcontractor's methods unless it is shown that the owner or general contractor exercised some supervisory control over the operation (*see, Lombardi v Stout,* 80 NY2d 290, 295). "This rule is an outgrowth of the basic common-law principal that 'an owner or general contractor [sh]ould not be held responsible for the negligent acts of others over whom [the owner or general contractor] had no direction or control' " (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505, quoting *Allen v Cloutier Constr. Corp.,* 44 NY2d 290). In the present case, no liability attaches to the Rogers under Labor Law § 200 as the plaintiff's own deposition testimony establishes that his injury was not caused by a dangerous condition, but rather that it was caused by the manner in which he attempted to remove a tree stump. Specifically, the plaintiff testified that he tried to remove the tree stump with his bare hands for approximately ten minutes, "jolting back and forth" with his entire body. In any event, a property owner has no duty to warn against a danger or condition that is open and obvious (*see, Wilhouski v Canon U.S.A.,* 212 AD2d 525, 526), and the plaintiff has

submitted no evidence indicating that his "mental handicap" prevented him from appreciating the risk in attempting to displace the imbedded tree stump. Furthermore, although the Rogers reviewed the progress of the work and participated in selecting the design of the house, the materials to be used, and the layout of the landscaping, "such activities do not rise to the requisite level of direction and control so as to bring them within the ambit of liability under the statute" (*Kelly v Bruno & Son,* 190 AD2d 777, 778).

With regard to CMT, there is some proof that it undertook a supervisory role with respect to the plaintiff's work, but the record fails to establish that it negligently supervised the plaintiff. It is well settled that whether a breach of duty has occurred depends upon whether the resulting injury was a reasonably foreseeable consequence of the defendant's conduct (*see, Danielenko v Kinney Rent A Car,* 57 NY2d 198). " 'If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence and no liability' " (*Danielenko v Kinney Rent A Car, supra,* at 204, quoting Prosser, Torts, § 43, at 250 [4th ed]). Here, there is no evidence that the plaintiff's attempt to remove the tree stump was a foreseeable event. As noted by the Supreme Court, the deposition testimony of the plaintiff, CMT's construction foreman, and R & S Mason's president established that the plaintiff was instructed only to "keep the job site clean" by picking up and throwing away any construction debris. Additionally, the record reveals that the plaintiff had never previously attempted to remove the tree stump from the site, and no one had instructed him to do so.

Accordingly, summary judgment was properly granted. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.