■ JOSE TEIXEIRA, Plaintiff, v EAST END COUNTRY KITCHENS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. BI-COUNTY CONSTRUCTION CORP., Third-Party Defendant-Appellant. [687 NYS2d 697] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated March 5, 1998, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The third-party defendant Bi-County Construction Corp. (hereinafter Bi-County) demonstrated its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). Contrary to the determination of the Supreme Court, Bi-County conclusively demonstrated that the plaintiff, its employee, was not injured in the work area. Rather, the plaintiff left the properly-protected work area, i.e., the right eastbound lane of Sunrise Highway, and crossed onto the well-traveled, left eastbound lane of traffic, where he was struck by a car owned and operated by the respondents. Under these circumstances, Bi-County did not fail to provide the plaintiff a safe place to work, or fail to properly supervise and train the plaintiff (*see, Olsen v State of New York,* 25 NY2d 665; *Smith v Stark,* 67 NY2d 693; *Richichi v Construction Mgt. Technologies,* 244 AD2d 540; *Camarda v Summit Homes,* 233 AD2d 285). The respondents' opposition to the motion failed to raise an issue of fact. Accordingly, the motion for summary judgment is granted, and the third-party complaint is dismissed. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.