■ LAWRENCE REINER, Respondent, v DORMITORY AUTHORITY OF STATE OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, POLERA CONSTRUCTION CORPORATION, INC., et al., Appellants, et al., Defendant. POOK DIEMONT AND OHL, INC., Third-Party Defendant-Appellant. [699 NYS2d 65] —In an action to recover damages for personal injuries, (1) the defendants Polera Construction Corporation, Inc., and TDX Construction Corp. separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated September 8, 1998, as denied those branches of their separate motions for summary judgment which were to dismiss the causes of action based upon common-law negligence and Labor Law §§ 200 and 241 (6), and (2) the third-party defendant separately appeals from stated portions of the same order which, *inter alia,* denied that branch of its motion which was for summary judgment dismissing the third-party complaint and any cross claims and counterclaims insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint and any cross claims and counterclaims insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, an experienced ironworker, stepped onto a loading dock upon exiting the building where he was employed to install stage equipment. He tripped when the heel of his work boot became caught in the thickness of a one-half inch piece of wet plywood that was covering accumulated ice. The plaintiff brought this action against the owner of the building, the general contractor, and the construction manager, alleging common-law negligence as well as violations of Labor Law §§ 200, 240 (1), and § 241 (6). The owner brought a third-party action against the plaintiff's employer. The general contractor and the construction manager moved for summary judgment dismissing the complaint, and the plaintiff's employer moved for summary judgment dismissing, *inter alia,* the third-party complaint, and any cross claims and counterclaims insofar as

asserted against it. The Supreme Court granted the separate motions of the general contractor and the construction manager only to the extent of dismissing the Labor Law § 240 (1) claim, and, *inter alia,* denied that branch of the employer's motion which was to dismiss the third-party complaint and all cross and counterclaims insofar as asserted against it.

The Supreme Court properly denied those branches of the motions which were for summary judgment on the Labor Law § 200 and common-law negligence claims. There are issues of fact as to whether the general contractor and construction manager breached their duty to provide a safe place to work (*see,* Labor Law § 200; *Trincere v County of Suffolk,* 90 NY2d 976).

The Supreme Court also properly denied those branches of the motions which were for summary judgment regarding the Labor Law § 241 (6) claim since on this record, it cannot be determined as a matter of law that the general contractor and construction manager did not violate 12 NYCRR 23-1.7 (e), which relates to tripping and other hazards. A reasonable trier of fact could conclude that, for Labor Law purposes, the loading dock was not kept free from conditions which could cause tripping.

Nevertheless, the employer demonstrated its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). Contrary to the holding of the Supreme Court, the employer's submissions conclusively demonstrated that the plaintiff, its employee, was not injured in the work area. Rather, the plaintiff was injured when he left his work area, i.e., the stage inside the Performing Arts building of the City University of New York, when he tripped on another contractor's plywood that was left on the loading dock to cover an ice condition. Under these circumstances, the employer did not fail to provide the plaintiff with a safe place to work, or fail to properly supervise and train the plaintiff (*see, Olsen v State of New York,* 25 NY2d 665; *Smith v Stark,* 67 NY2d 693; *Richichi v Construction Mgt. Technologics,* 244 AD2d 540; *Camarda v Summit Homes,* 233 AD2d 285). The papers submitted in opposition failed to raise an issue of fact regarding this matter. Accordingly, that branch of the employer's motion which was for summary judgment dismissing the third-party complaint and all cross claims and counterclaims insofar as asserted against it is granted. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.