■ George Davanelos et al., Appellants, v Fifth Ave. Shell, Inc., et al., Respondents, et al., Defendant. (And Another Title.) [764 NYS2d 717] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 30, 2002, as granted the motion of the defendants Fifth Avenue Shell, Inc., sued herein as Fifth Ave. Shell, Inc., Petrofox Corp., and Konstantinos Davanelos for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the motion of the defendants Texaco, Inc., and Star Enterprise, sued herein as Star Enterprise, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The infant plaintiff (hereinafter the plaintiff) was seriously injured when a "blockbuster" firework, which he found hidden underneath garbage and debris at a gasoline station, allegedly detonated on or near him. At the time of the accident, the gas station was owned by the defendant Marinos Papadopolous, who leased it to the defendant Petrofox Corp. (hereinafter Petrofox), which, in turn, sublet the premises to the defendant Fifth Avenue Shell, Inc., sued herein as Fifth Ave. Shell, Inc. (hereinafter Fifth Avenue Shell), whose sole shareholder is the defendant Konstantinos Davanelos, the plaintiff's father. Prior to the plaintiff's accident, Petrofox entered into an agreement with the defendant Star Enterprise, sued herein as Star

Enterprise, Inc. (hereinafter Star), for the marketing and sale of motor fuels of the defendant Texaco, Inc. (hereinafter Texaco), at the gasoline station.

The plaintiffs argue that the respondents, Petrofox, Fifth Avenue Shell, Davanelos, Star, and Texaco, owed a duty to the plaintiff to keep the premises clear of the garbage and debris that concealed the firework. However, as it was not foreseeable that an accumulation of garbage would provide concealment for a firework, particularly when there was no evidence that there had ever before been fireworks on the premises, no cognizable legal duty existed (*see Pascarella v City of New York,* 146 AD2d 61 [1989]; *see also Di Ponzio v Riordan,* 89 NY2d 578 [1997]; *Danielenko v Kinney Rent A Car,* 57 NY2d 198 [1982]; *Richichi v Construction Mgt. Techs.,* 244 AD2d 540 [1997]).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.