■ 9394, LLC, et al., Appellants, v DEAN KEHLER et al., Respondents. [809 NYS2d 155]—

In an action, inter alia, to recover damages for trespass, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered August 17, 2004, as, after a nonjury trial, dismissed the causes of action alleging trespass and nuisance.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The parties to this action are owners of adjacent waterfront properties on Long Island Sound. This action arises out of the defendants' reconstruction of a dock and the plaintiffs' allegation that the structure blocks the tidal flow on their waterfront, causing changes to the ecology.

The trial court correctly dismissed the plaintiffs' cause of action alleging trespass. The trial court's findings of fact, which the plaintiffs do not dispute, support its conclusion that the plaintiffs failed to establish their trespass claim (*see Phillips v Sun Oil Co.*, 307 NY 328, 331 [1954]).

The trial court also correctly determined that the plaintiffs failed to establish their cause of action alleging nuisance based on negligence (*see Domen Holding Co. v Aranovich*, 1 NY3d 117, 123-124 [2003]; *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]). The evidence at trial supports

the determination that the defendants acted reasonably in light of the foreseeable consequences of their actions (*see Gordon v City of New York*, 70 NY2d 839, 841 [1987]; *Danielenko v Kinney Rent A Car*, 57 NY2d 198, 204 [1982]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149 [1999]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.